McFARLAND v. KINNEE.

1. Appeal and Error—Chancery Cases—Clear Preponderance of Evidence.

Whether or not a decree, based on a finding of fact by a trial judge in a suit in equity, will be affirmed on appeal, is not dependent upon whether or not the evidence clearly preponderates the other way.

2. Specific Performance—Oral Contract to Convey Property.

Plaintiff, sister of deceased grantee in deed to property occupied by plaintiff, her family and her mother, *held*, under evidence presented, entitled to specific performance under oral contract that plaintiff would get the property from her brother in return for services rendered in caring for their mother in the past and future.

3. Deeds—Conditions.

Plaintiff's right to deed to property from her brother's widow and latter's grantee *held*, not to have been dependent upon condition that property was to belong to plaintiff only if business conditions permitted his giving it to her.

4. Evidence—Exhibits Attached to Pleading—Letters.

Defendant may not complain of statements contained in a letter written by plaintiff to defendant sister-in-law with reference to deed plaintiff had held of property in which defendant widow and her late husband had been named grantees, where letter had been made a part of defendants' answer.

Appeal from Wayne; Maher (Thomas F.), J. Submitted April 10, 1953. (Docket No. 49, Calendar No. 45,752.) Decided October 5, 1953. Rehearing denied November 27, 1953.

Bill by Ella K. McFarland against Harriet M. Kinnee and another to compel specific performance

References for Points in Headnotes

[2, 3] 50 Am Jur, Support of Persons § 24.
[4] 20 Am Jur, Evidence § 630 *et seq.*

of oral contract to convey real estate.   Decree for defendants.   Plaintiff appeals.   Reversed.

*Kuck & Kuck* and *Arthur C. Lumley,* for plaintiff.

*Sid L. Erwin,* for defendants.

Dethmers, C. J.   Plaintiff sought specific performance of an oral agreement to convey real estate. From decree dismissing her bill of complaint she appeals.

Plaintiff was the sister of Herman M. Kinnee, who died in 1932.   Defendants are his surviving widow and son, respectively.   For a number of years prior to 1928 plaintiff's mother had been living with her in a home owned by plaintiff and husband.   Plaintiff claims that in 1928 Herman expressed dissatisfaction with the home and the desire that she should have a larger and better home for the enjoyment of herself, family and mother; that when she stated that she could not afford a better home, he told her to select a lot, cause a house to be built on it, that he would pay for it all, and that it was to belong to her in consideration of her caring for their mother.   Plaintiff obtained a lot, under a purchase agreement in her own name, caused a house to be built thereon, under a power of attorney from Herman, who paid the entire cost of the lot and house.   In December of 1928 plaintiff and her family and mother moved into the new home and have resided there ever since.

At plaintiff's direction the deed conveying the lot from the previous owner was made out to name Herman and his wife as grantees.   That deed and the abstract remained in plaintiff's possession until after Herman's death when, for the purpose hereinafter noted, they were handed over to Herman's widow, hereinafter called the defendant.

It is claimed that in addition to plaintiff and her brother, Herman, there were present at the time of the making of the oral agreement plaintiff's son, husband and mother. The son did not testify because at the time of trial he was in the city of Munich, Bavaria, attached to the United States Department of State, and not available as a witness.

Plaintiff's husband testified, in part, that:

"*A*. Herman told his sister Ella (plaintiff) that the home he would build should be hers in consideration that she should care for her mother in the future as in the past."

Plaintiff's mother testified, also in part, as follows:

"On that particular day he had a discussion with Ella McFarland, my daughter, about the new home.

"*Q*. Will you tell us, as nearly as you can recall, Mrs. Kinnee, what Herman said to your daughter, Ella, and what Ella said to him with reference to that new home.

"*A*. Well, he said, 'You folks have taken such good care of mother that — and she is so comfortable and happy with you, and I know she is better with you, is happier with you, than she would be with anyone else,' and he said, 'You should have a larger house to make her comfortable and also for your own comfort,' and so then — Do I say what she said?

"*Q*. Say what she said.

"*A*. She said, 'We have been looking for a more suitable house, but we haven't yet found one. The ones we have looked at have been too high-priced for us,' and then he said, 'Well, get a lot in a nice section where there are trees and we will have a house built, have a house built for your comfort and mother's and the house will be yours in consideration of the care that you gave mother and are still giving her.'"

A letter which plaintiff wrote and sent to defendant in 1937, a copy of which the latter attached to her answer as exhibit "B," contained the following:

"Herm sent me the money to pay for the lot and suggested that I open a checking account to take care of money for the building operations, which I did. All checks for the lot and building were drawn in my name. When the question came up as to the name in which the deed was to be made out, I told the then owners to put it in the names of Herman M. Kinnee and Harriet M. Kinnee, his wife. No one told me to do it that way, but believing you were as enthusiastic as Herm was, or nearly so, in the joy of what was being done, I felt that when the actual time of a presentation arrived, he would want you to share in it and you would want to.   *   *   *

"Upon the occasion of yours and Herm's first visit to the house after we had moved in (Jan., 1929), when I was straightening out some final details with him, I handed him the deed and the abstract. He handed them back to me, saying 'These will remain with you—right where they belong. This is your home, sis, and as soon as I return to Michigan, which I expect will be within the next year or two, I will give you a deed to it. I know it will cost you a lot more to maintain this house than it did your other one, so, as soon as business permits, I want to increase your income.' Nothing was ever done along that score.

"On 2 other occasions, when business was bad, I offered Herm the deed and abstract and he said ever so affectionately, 'My dear, when I take these papers from you, business will have to be a lot worse than it is.' He never once opened the deed—he never knew in whose name it was made out."

Shortly after Herman's death in 1932 defendant visited for a few days in plaintiff's home. The latter testified that on that occasion defendant said:

"Well, knowing Herman's wishes regarding the house; that it was built for his mother's comfort and happiness, I will give mother the deed to it and she can do as she pleases with it."

Concerning that conversation, defendant testified that she told plaintiff "I will give the property to you and the mother-in-law and you can do with it as you see fit." and that at that same time she received the above-mentioned deed and abstract from plaintiff on her own request and explanation that she needed them for the purpose of making out the necessary papers to effectuate a conveyance to the mother-in-law. She admitted on the witness stand that at that time the mother-in-law told her that the property was to go to plaintiff. After returning to her home in Buffalo, New York, defendant changed her mind and never made the conveyance as promised. Sixteen years later, in 1948, defendant conveyed the property, as an outright gift, to her son, defendant Richard J. Kinnee.

As is natural under the circumstances, defendant was not able to offer direct testimony in refutation of plaintiff's claims concerning the conversation and oral agreement alleged to have been made between her and her brother, Herman. Rather, defendant stresses weaknesses and inconsistencies in the testimony of plaintiff's mother and husband as indicative of a lack of veracity or of accuracy in testifying as above quoted and as impelling to the conclusion that the evidence in the case, viewed as a whole, does not clearly preponderate against the trial court's alleged finding that plaintiff had failed to prove that an oral agreement to convey was made as claimed by her. Recognizing that clear preponderance of the evidence is not the test in chancery appeal, it is, nevertheless, interesting to note that the trial court did not actually so find, but, on the contrary, in his opinion said:

"Now there was a discussion between the deceased, Herman Kinnee, and Ella McFarland as to the delivery of this particular deed, but the deceased inter-

posed and placed in that agreement a condition, and that condition was 'as business permits.' Of course, the court can take judicial notice of the crash and the depression, the crash of 1929 and the subsequent depression, and this quote of his conversation or his statement to the plaintiff certainly was indicative that he at that time was concerned about his own welfare and the welfare of his own family. He was willing to do it if business permitted, but apparently from this record, business never did permit the subsequent fulfillment of his promise to do something in the future; so there was a condition placed and there was no complete contract, that is a completion on his part or promise to comply. He interposed a condition."

It is obvious from the quoted language that the trial court found that there was an agreement on Herman's part to convey to plaintiff, but that it was conditioned upon business permitting. Such condition the trial court found to be expressed in the language above quoted from plaintiff's 1937 letter to defendant. Examination of the record discloses, however, that, if plaintiff's letter is to be believed and accepted as proof, what Herman actually said was, "this is your home, Sis, and as soon as I return to Michigan, which I expect will be in the next year or two, I will give you a deed to it. I know it will cost you a lot more to maintain this house than it did your other one, so, as soon as business permits, I want to increase your income." Such language does not evidence an intent to condition the agreement to convey upon business permitting, but, rather, to make the latter the condition precedent to increasing plaintiff's income to compensate her for the added expense of maintaining the new home.

It will be noted that the testimony does not disclose that a specific date for the conveyance was agreed upon by the parties. Certainly there is nothing to

suggest that the death of the mother and plaintiff's completion of her part of the bargain was intended as fixing the time. Entirely aside from the statement in plaintiff's letter, as just quoted, that Herman had said that the place belonged to plaintiff and that he would give her a deed on his next visit to Michigan in a year or 2, the proofs would seem to warrant a finding that the intention of the parties to the agreement was that the home should belong to plaintiff upon its completion. As for the consideration to be given statements contained in plaintiff's letter, it is to be observed that defendant is scarcely in a position to complain in that respect inasmuch as she made it a part of her answer. It was from that same source that the trial court drew the conclusion, mistakenly, we think, controlling of his decision, that the promise was conditional.

Defendants do not claim that they or either of them are purchasers for value without notice, or that plaintiff's rights in the property are other than they would have been had title rested solely in Herman's name, at his death, instead of being, as it happens, in the names of himself and wife.

An examination of all the evidence leads us to the conclusion that Herman made an unconditional agreement to convey to plaintiff and that she is entitled to the relief prayed.

Decree of the court below is reversed. Decree may enter in this Court setting aside the conveyance from defendant Harriet M. Kinnee to defendant Richard J. Kinnee and for specific performance of the agreement to convey as prayed in plaintiff's bill of complaint. Costs to plaintiff.

ADAMS, BUTZEL, CARR, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.